IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHAD ALLEN BEERS, | ) | |
| | ) | |
| Petitioner, | ) | 4:02cv3268 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD W. CLARKE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Chad Allen Beers. Also before the court are the respondent's Answer to the § 2254 petition, and the parties' briefs regarding the petitioner's § 2254 claims and the respondent's defenses.

**Background**

The petitioner challenges his conviction in the District Court of Lancaster County, Nebraska of assault by a confined person. The petitioner was charged by an information on April 13, 1995. After he appeared at his arraignment on April 25, 1995 with court-appointed counsel, Sean Brennan, a Lancaster County Deputy Public Defender, the court granted the petitioner' oral motion to discharge counsel and allow the petitioner to proceed pro se. Thereafter, the petitioner stood mute at his arraignment. The court entered a plea of not guilty on the petitioner's behalf and appointed Mr. Brennan as standby counsel. On June 29, 1995, the court set the case for trial for the jury session beginning July 10, 1995.

On July 18, 1995, the court called the case in for an afternoon jury trial and met with the parties and counsel that morning. At the morning conference, the petitioner,

1

representing himself, requested a continuance of the trial because he believed his parents had retained an attorney on his behalf. However, at that time, no such attorney had entered an appearance.

Mr. Brennan appeared as standby counsel during the morning conference on July 18, 1995, and the judge directed Mr. Brennan to be available to consult with Mr. Beers "if he chooses to," "regarding any possible agreements that might be reached." (Filing no. 15-1, Bill of Exceptions at 3.) During a subsequent delay during the morning, the prosecutor agreed to communicate a plea offer to Mr. Brennan who would communicate the offer to the petitioner. (Id. at 4.)

At approximately 2:00 p.m. on July 18, 1995, the trial judge reported that he had received a telephone call from an attorney, Brett McArthur, who said that the petitioner's parents had contacted him seeking to retain him as counsel for the petitioner. However, McArthur specifically stated that "he was not entering his appearance there over the telephone." (Id. at 13.) The judge then stated to the petitioner:

> He [McArthur] was interested in whether I would continue the case if he entered his appearance. And I told him that to be very candid with him that I was not inclined to do so but that he needed to understand that I couldn't make any rulings or do anything on the case based on a telephone call with the other interested parties not represented.
>
> So I told him that if he wished to enter his appearance and make any motions on your behalf, that he should be here at 2:00 o'clock. He said that he couldn't be here at 2:00 o'clock because he had to be in another court somewhere, I think in another county. So I told him that it was my intent to proceed with this case at 2:00 o'clock today and that if he couldn't be here, he couldn't be here.
>
> So the record will show that Mr. Beers is present pro se, that Mr.

2

Brennan is present as standby counsel.

(Id.)  Rather than proceed to trial, the petitioner chose to enter a plea of no contest.

### The Petitioner's Claim

The petitioner claims that: "The trial court forced me to accept a plea bargain by denying me a continuance and denying me access to my attorney.  On the day my case was called for trial I finally retained a lawyer who contacted the Judge and explained he would not be able to attend trial that day but the Judge refused to continue my trial date thereby denying me an attorney." (Filing no. 1 at § 14.A.)

The petitioner relies on the principles expressed in State v. Sack, 477 N.W.2d 921 (Neb. 1991). In Sack, the Nebraska Supreme Court reasoned as follows:

> [T]he burden is on the State to establish a valid waiver of an accused's sixth amendment right to counsel, Michigan v. Jackson, 475 U.S. 625 ... (1986), and that every reasonable presumption against the waiver is indulged .... A waiver must appear affirmatively from the record before a court may conclude that an accused has waived a constitutional or statutory right....

Id., 477 N.W.2d at 925 (some citations omitted).

> [A]n accused may by express words waive the right to counsel, so long as such is done voluntarily, understandingly, and intelligently, and so long as the accused is able and willing to abide by the rules of procedure and courtroom protocol .... An accused may also waive the right to counsel by conduct.

Id. (Citations omitted.)

> Here, Sack made clear that while he was concerned about the quality of representation being provided by [appointed counsel], he did not desire to proceed without an attorney. After [appointed counsel] was permitted to withdraw, Sack again indicated he wanted representation.

Id. at 926.

3

> The trial court found that [appointed counsel] was competent, and his motion to withdraw as appointed counsel should therefore have been overruled. Under the circumstances, Sack's statement that he did not wish to proceed pro se renders clearly wrong the trial court's finding that Sack freely, voluntarily, and understandingly waived his right to counsel.
>
> A plea of guilty cannot be said to have been entered freely, intelligently, voluntarily, and understandingly unless the accused either was represented by counsel or freely, voluntarily, and understandingly waived the right thereto .... It therefore necessarily follows that the trial court's finding that Sack's plea of guilty was entered freely, intelligently, voluntarily, and understandingly is likewise clearly wrong.

Id. at 927.

However, a critical difference between Mr. Beers' case and State v. Sack is that the defendant in State v. Sack had not waived his right to court-appointed counsel, so that when the court forced him to proceed pro se, the defendant's resulting plea was not entered freely, intelligently, and voluntarily. In Mr. Beers' case, the court never forced the petitioner to proceed pro se. The court appointed Sean Brennan as standby counsel at the earliest stage of the case, and Mr. Brennan appeared at each critical stage of the proceedings. In fact, at sentencing, the petitioner decided to use the services of Mr. Brennan. The petitioner has not expressed any reason why Mr. Brennan could not have represented him effectively at trial or in connection with his plea negotiations.

The continuance in this case did not result in a denial of counsel, just the denial of the petitioner's preferred choice of counsel. The right to counsel of choice, unlike the right to counsel in general, is not absolute. See, e.g., United States v. Koblitz, 803 F.2d 1523, 1528 (11th Cir. 1986) ("The right to counsel of choice is not absolute. It must be balanced against the government's interest in the fair, orderly, and effective administration of the

4

courts which, in a given case, may require an accused to resort to his second choice of counsel."). Accord United States v. Paternostro, 966 F.2d 907, 912 (5th Cir. 1992): "The Sixth Amendment requires only that a defendant be given a fair or reasonable opportunity to obtain particular counsel; it does not guarantee an absolute right to the counsel of one's choice."

Thus a criminal defendant has only a "qualified right to retain counsel of the defendant's own choosing." United States v. Hughey, 147 F.3d 423, 428 (5th Cir. 1998). "[T]he Sixth Amendment simply does not provide an inexorable right to representation by a criminal defendant's preferred lawyer .... Indeed, 'there is no constitutional right to representation by a particular attorney.'" Id. (Citations omitted.) "When examining any alleged deprivation of the right to counsel, we must therefore focus upon the integrity of the adversarial process, not on the defendant's relationship with any particular lawyer." Id. at 428 n. 2.

In addition, "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983).

"Thus, this is not a case in which the district court's action resulted in the defendant being forced to trial with an inadequately prepared attorney or no attorney at all." United

5

States v. Hughey, 147 F.3d at 428. The petitioner simply waited until the last minute to request a continuance to enable retained counsel, who was not present and who could not appear on the day of trial, to represent him at some later date. The petitioner chose to enter a plea rather than to accept the services of the Lancaster County Deputy Public Defender who had been with him since the petitioner's arraignment, who had familiarity with the case, and whom the petitioner later accepted as his counsel for the sentencing hearing.

I find no denial of counsel or violation of the Sixth Amendment to the United States Constitution.

THEREFORE, IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed by Chad Allen Beers, is denied and dismissed with prejudice; and

2. That a separate judgment will be entered accordingly.

August 22, 2005.    BY THE COURT:

/s *Richard G. Kopf*
United States District Judge